## SCHUMACHER and another *v.* SCHWENCKE, Jr., and another.

*(Circuit Court, S. D. New York.  November 17, 1885.)*

1. COPYRIGHT—PAINTING MADE BY ARTIST FROM DESIGN FURNISHED BY CORPORATION—SIZE OF PAINTING.
    A painting only seven by four and a half inches in size, owned by a corporation, painted by an artist employed by the corporation from a design made by its president from a wood-cut may be copyrighted by the corporation.
2. SAME—PAINTING SUSCEPTIBLE OF BEING LITHOGRAPHED AND USED AS LABEL.
    That such a painting could be readily lithographed and used as an advertising label will not affect the copyright.
3. SAME—INJUNCTION WHILE QUI TAM ACTION PENDING.
    An injunction to prevent infringement of a copyright may be granted, although a *qui tam* action for the penalty allowed by law is pending

Motion for Preliminary Injunction.

*Augustus T. Gurlitz,* for complainant.

*Louis C. Raegener,* for defendants.

COXE, J.  The complainant is a corporation and files this bill for the sole purpose of obtaining an injunction restraining the defendants from infringing a copyright granted to the complainant for a painting, of which it is the proprietor, called "Telegram."  The painting is about seven inches long by four and one-half wide.  It represents upon a scroll the head of a newsboy, having a number of papers upon his shoulder, and the waste end of a cigar in his mouth.  On either side of the head foliage and telegraph poles are represented.  That complainant has conformed to all the provisions of the copyright law is not denied.  There is practically no dispute, also, as to the manner in which this painting was produced.  The head was copied from a black wood-cut print of a painting by the Italian artist Eugene v. Blass.  The wood-cut was owned by the complainant.  The other features, the cigar, the hand, the newspapers, the red feather, the scroll, the telegraph poles and foliage were suggested and designed by Theodore Schumacher, the president of the complainant, himself an artist of respectable attainments.  The picture, which is the result of the idea thus formed, was actually painted by one Charles Stecher, a resident of this country and an artist in the complainant's employ.  It was, however, painted under the direction and supervision of Schumacher, for the complainant; was paid for by the complainant, and has at all times been in the possession of the complainant, and owned by it.  The defendants have made and sold exact lithographic copies of this painting, so that there is no dispute upon the question of infringement.  The complainant now moves for an injunction.  The motion is opposed upon the following grounds:

*First.* The painting is intended for a label, and is therefore not the subject of a copyright.  *Second.* The complainant was not the author or designer of the painting.  It was copied by Stecher from the wood-cut referred to.  *Third.* A *qui tam* action for the penalty allowed by law is now pending.

The provisions of the statute, so far as it is necessary to refer to them for the purposes of this motion, are as follows:

"Sec. 4952. Any citizen of the United States, or resident therein, who shall be the author, inventor, designer, or proprietor of * * * a painting, drawing, chromo, statue, statuary, and of models or designs intended to be perfected as works of the fine arts, * * * shall, upon complying with the provisions of this chapter, have the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing, and vending the same."

"Sec. 4965. If any person, after the recording of the title of any map, * * * or of the description of any painting, * * * as provided by this chapter, shall, within the term limited, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, engrave, etch, work, copy, print, publish, or import, either in whole or in part, or by varying the main design with intent to evade the law, or, knowing the same to be so printed, published, or imported, shall sell or expose to sale any copy of such map or other article, as aforesaid, he shall forfeit," etc.

"Sec. 4970. The circuit courts, and district courts having the jurisdiction of circuit courts, shall have power, upon bill in equity filed by any party aggrieved, to grant injunctions to prevent the violation of any right secured by the laws respecting copyrights, according to the course and principles of courts of equity, on such terms as the court may deem reasonable."

"That in the construction of this act the words 'engraving,' 'cut,' and 'print' shall be applied only to pictorial illustrations, or works connected with the fine arts, and no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but may be registered in the patent-office." Act of June 18, 1874; Supp. Rev. St. p. 41.

It is contended by the defendants that the complainant's painting was designed as a label for cigar boxes. This, it is said, is evidenced by its size, and by the fact that copies appear to be advertised in complainant's catalogue of labels. That lithographic copies are applicable to this purpose cannot be denied. They may also be used for many other purposes. The proof in this case discloses some of them. But the subject of the copyright is, in fact, a painting, executed by an artist with pencil and brush, and can itself be used only as paintings are used. The fact that copies may be utilized for advertising purposes does not change the character of the original. If the painting itself is to be considered a label because copies may be so used, no master-piece would escape such desecration. It will hardly do to call the Sistine Madonna, or the Aurora, labels, because by the sacrilege of modern enterprise copies of Raphael's Cherubs or Guido's Goddess may be transferred to a blacking box or a perfumery bottle. Were it conceded that this painting was intended exclusively for a label, or as the first step in making a label, a much stronger case for the defendants would be presented. But such is not the fact, and it is clear from the affidavits that it cannot be established by evidence.

The contention that anything against the validity of the copyright is to be predicated of the size of the painting cannot be maintained. Some of the finest productions of modern artists, notably Meissonier

and Meyer Von Bremen, are hardly larger, and counterfeits of them might easily be used in the decoration of cigar boxes. There is nothing to prevent a copyright for even a much smaller painting. The size is not material.

The complainant is certainly the "proprietor" of the painting, even in the restricted and technical sense in which, according to some of the authorities, the word "proprietor" is used in the statute. The complainant's money paid for the painting; its artist colored it; its president designed it, his was the "originating, inventive, and master mind." The complainant owns the painting. Its title is derived directly from the author and designer. The head was no doubt suggested by the wood-cut print, but the same is true, to a great extent, of all figure painting. No artist would for a moment think of placing the face of Washington, for instance, upon his canvas without studying the best portraits of Washington within his reach. But there is enough of artistic merit in the other parts of the painting to support a copyright. It certainly needed a much higher order of merit to produce the pleasing and suggestive combination presented in this painting—requiring, as it must, imagination and artistic genius—than that required in placing a human being in a graceful attitude before a camera; and yet there is no longer a doubt that a photograph may be protected by a copyright. *Burrow-Giles Lithographic Co.* v. *Sarony,* 111 U. S. 53; S. C. 4 Sup. Ct. Rep. 279. If a photograph, then a colored photograph, and, *a fortiori,* a painting, even though the artist borrows his design largely from others; for it belongs to a much higher type of art. The fact that the artist Stecher executed Schumacher's design cannot defeat the copyright. The sculptor seldom touches the marble from which his statues are carved. The fact that the brush which embodied Schumacher's idea was held by another artist rather than by himself cannot be important in considering a question of this character.

Regarding the third objection, it should be borne in mind that the bill prays only for an injunction. The action at law is designed to secure indemnity for the past; the injunction, protection for the future. The copyright law seems to contemplate both remedies; and no reason is suggested why a party who seeks the first should be deprived of the second.

The complainant has a painting which is concededly valuable. Time, money, and artistic skill were expended in its production. The defendants openly and boldly pirated it, and are now reaping the rewards that fairly belong to the complainant. They have the whole material universe from which to choose. They can make any design of their own, and be protected in its use; but the law will not permit them to appropriate the result of others ingenuity and skill, and profit by the wrong thus committed.

The motion is granted.