COLLIERY ENGINEER CO. v. UNITED CORRESPONDENCE SCHOOLS CO. et al.

(Circuit Court, S. D. New York. April 4, 1899.)

1. COPYRIGHT—INFRINGEMENT—LITERARY PRODUCTION OF EMPLOYE.

The literary product of a salaried employé, the result of compilations made in the course of his employment, becomes the property of the employer, who may copyright it, and when so copyrighted the employé has no more right than a stranger to copy or reproduce it; but he is not debarred from making a new compilation from the same original sources, nor, in so doing, from making use of the experience and information gained in his employment.

2. SAME—SUIT FOR PIRACY—PRELIMINARY INJUNCTION.

A preliminary injunction will not be granted on ex parte affidavits in a suit for the piracy of a copyright publication, where the fact of piracy is not clear, but the question will be left for determination on a full hearing.

Suit for infringement of copyright. On motion for preliminary injunction.

Livingston Gifford and George H. Pettit, for the motion.

LACOMBE, Circuit Judge.   The great bulk of the papers filed on this motion and the difficulties inherent in the nature of the questions involved have delayed this decision, greatly to the court's regret, far beyond the time originally intended.   It is manifest that the various pamphlets declared upon are proper subjects of copyright.   It seems equally clear that, under his contract, which made it Ewald's duty while a salaried employé of complainant, inter alia, to compile, prepare, and revise the instruction and question papers, the literary product of such work became the property of the complainant, which it was entitled to copyright, and which, when copyrighted, Ewald would have no more right than any stranger to copy or reproduce. There is a strong equity in favor of complainant, arising out of the fact that defendants' circular of information opens with statements evidently calculated to induce a belief that their school is the same as, or else a successor of, the complainant's.   The motion, however, must be decided, not upon collateral equities, but according to the principles of the law of copyright.   The fundamental question is one of fact, viz. are defendants' pamphlets compilations borrowed to a substantial extent from complainant's copyrighted compilations, or are they independent compilations from the original sources?   In view of the affidavit of Mrs. Gross, the direct evidence of piracy given by Roden should not be accepted as conclusive upon preliminary motion.   The judge who hears the cause at final hearing will have the benefit of cross-examination of both witnesses, and can decide whose is the more truthful statement.   There are undoubtedly very many closely parallel passages.   If the first work were original, it would be entirely clear that the second is a copy; but the first work is itself a compilation, using largely the language of the original books, from which it is taken.   Moreover, the very nature of the subject-matter treated of in both series—arithmetic, algebra, geometry, trigonometry, etc.—is such that similarities of definition, explanation, and examples are not so persuasive as they might be were the subject history, literature, art, law, etc.   Besides, it is thought that, although Ewald was not at liberty to reproduce so much of his work as had been copyrighted by the employers for whom it was prepared, even by availing of his recollection of the contents of the copyrighted pamphlets, he was not debarred, after his contract terminated, from making a new compilation, nor from using the same original sources of information, nor from availing of such information as to the needs of students and the best methods of getting in mental touch with them as he may have acquired while superintending complainant's school.   And it may well be that defendants' information in that regard has tended largely to produce similarity of form and arrangement without directly borrowing from the original pamphlets.   As to the respective circulars of information, much of the similarity arises from the circumstance that defendants have closely followed the complainant's system of teaching, which, of course, is not, as a system, protected by the statute.   Very much of the matter contained in the defendants' circular is found in the first uncopyrighted

edition of the complainant's; but there are nevertheless many passages which seem to have been conveyed from the copyrighted edition. The answer to the question of fact upon which the case turns is not entirely clear. Even conceding full weight to the suggestions above set forth, some of the resemblances between the two sets of publications are strongly indicative of piracy. But a preliminary injunction, such as is prayed for, would be practically a judgment in advance of hearing, working irreparable damage to defendants; and it is thought best to relegate the question to final hearing. Cross-examination may give so clear a conviction as to the direct evidence as to enable the court to weigh the circumstantial evidence more correctly.