EDWARD THOMPSON CO. v. AMERICAN LAW BOOK CO.

(Circuit Court, S. D. New York. October 3, 1902.)

1. COPYRIGHTS—INFRINGEMENT—PLEADING—ALLEGATION OF OWNERSHIP.

Where a bill alleged that complainant was the owner of the copyrighted work known as the "American and English Encyclopædia of Law" and the "Encyclopædia of Pleading and Practice," and charged that the volumes of such work were edited, prepared, and published by and under complainant's direction, at great expense, from original sources, complainant being at great expense in collecting the cases and authorities therein cited, and searching for judicial precedents, and in discussing and formulating the propositions of law therein contained, and in presenting, selecting, and arranging the matter contained in said books, the bill sufficiently alleged how complainant became the proprietor of the work.

2. SAME—RECORD OF COPYRIGHT.

Rev. St. § 4964 [U. S. Comp. St. 1901, p. 3413], provides that every person who, after the "recording of the title" of any book, and depositing two copies thereof, etc., does certain acts prohibited, shall be liable for damages for infringement of copyright, and section 4953 [U. S. Comp. St. 1901, p. 3407] declares that copyrights shall be granted for the term of

28 years from the time of "recording the title" thereto. *Held* that, though the title of a publication sought to be copyrighted may be regarded as recorded when received for record by the librarian of congress, under Rev. St. §§ 4956, 4957 [U.·S. Comp. St. 1901, pp. 3407, 3409], a bill for infringement failing to allege that the titles of the alleged copyrighted books had been recorded by the librarian of congress was demurrable.

3. SAME—UNFAIR COMPETITION—SEGREGATION.

Where a bill for infringement of a copyright on legal publications charged that defendant has, as a substitute for and in lieu of a resort to original sources, unfairly used the results of complainant's publications, and has incorporated such results in defendant's publications, and that such publications are to a large extent the product of complainant's original work, rewritten so as to conceal the fact that it was pirated, and that defendant, instead of resorting to original sources, to a large extent has obtained the information contained in its publications from complainant's publications, it sufficiently alleged defendant's unfair competition, and that it was impossible to segregate the particular portions complained of.

Walter Large and Frank P. Prichard, for complainant.
Augustus T. Gurlitz, for defendant.

TOWNSEND, Circuit Judge. The complainant alleges, inter alia, as follows:

(1) That it is the author and proprietor of the publications known as the "American and English Encyclopædia of Law" and the "Encyclopædia of Pleading and Practice."

(2) That it complied with the legal requirements necessary to establish its right to copyright by duly depositing in the mail a printed copy of the title of each of the volumes in which copyright is claimed, together with the statutory fee for recording the same, and also deposited in the mail two copies of each of said copyrighted books.

(3) That defendant has caused to be prepared and is selling in competition with complainant a book known as "Cyclopædia of Law and Procedure," containing a large amount of complainant's original copyrighted matter taken, copied, and pirated from complainant's publications, and in preparing the same

"Has, as a substitute for and in lieu of a resort to original sources, unfairly used the results of your orator's publications aforesaid, and has incorporated such results in defendant's publications; and defendant's said publications are to a very large extent the product of your orator's original work, rewritten as to form, and with changes, omissions, and additions made by defendant, so as to conceal the fact that it was the product of your orator's original work as aforesaid; that defendant, instead of resorting to original sources for citation of cases, definitions of terms, statements of legal principles, and similar legal information, has to a very large extent obtained the same from your orator's said publications, thereby unfairly availing itself of your orator's original work,—the results of which it published as its own original work. in unfair competition with your orator's publications, and in violation of its copyrights as aforesaid, and to the great injury and irreparable damage of your orator in its business, and for which it cannot be compensated in damages in an action at law."

The defendant demurs, inter alia, as follows:

"First. That it appears by said bill that the author of each and all of the forty books in said bill alleged to have been copyrighted by complainant is a corporation organized under the laws of the state of New York, and is a

mere legal fiction, and not an author entitled to copyright within the meaning of the laws of the United States, in that it is incapable of intellectual labor, incapable of begetting children.

"Second. That it does not appear by said bill that the author or authors, if any there be, who is or are entitled to copyright under the laws of the United States, of any of the forty volumes alleged to have been copyrighted by complainant, is a citizen or subject, or are citizens or subjects, of any state or nation whose citizens or subjects are entitled to the benefit of the copyright laws of the United States.

"Third. In that it does not appear by said bill how the complainant became the proprietor of the books of which in said bill it claims to be proprietor.

"Fourth. That it does not appear by said bill that the title of any of the forty books alleged to have been copyrighted by complainant has at any time been recorded by the librarian of congress."

"Sixth. That it appears by said bill that the same is exhibited against this defendant for the pretended infringement of a great number of alleged copyrights, to wit, forty alleged copyrights, claimed by complainant, by the alleged publication by defendant of two books designated in said bill as volumes one and two, and it does not appear by said bill which of said alleged copyrights, if any, is pretended to be infringed by said volume one, and which of said alleged copyrights, if any, is pretended to be infringed by said volume two."

The first three grounds of demurrer raise the question as to the sufficiency of the allegation that the complainant corporation is the proprietor of the alleged copyrighted books. The defendant contends: (a) That the copyright statute contemplates under the term "author" only natural persons, who, by their own intellectual labors, have produced a work; and (b) that, when a party sues as proprietor, he must set forth the name of the author or authors of the work, and show how he acquired title thereto. It is conceded that the question whether a corporation can be an author within the meaning of the copyright laws has never been decided. It is not necessarily involved in the disposition of this demurrer, and need not be discussed. It sufficiently appears that complainant's publication is the result of the intellectual labor of the editors and compilers employed by complainant. It is unnecessary, as it might be impracticable, to set forth the names of the persons engaged in the preparation of the work. It appears from the bill that the publications in question comprise some 40 volumes

"Designed to give a complete statement of the law on the subjects touched upon therein, and, together with their continuations now in the course of preparation, designed to cover all American and English substantive law, and the practice and procedure in the courts of the United States, both state and federal, and to form a complete and practical working library for the members of the bench and bar in this country; that said volumes were edited, prepared, and published by and under the direction of your orator at great expense, from original sources, your orator being at great expense in collecting the cases and authorities therein cited, and searching for judicial precedents, and in discussing and formulating the propositions of law therein contained, and in presenting, selecting, and arranging the matter contained in said books."

If defendant's contention that one who sues as proprietor must show how he became proprietor be admitted, the allegations upon this point are still sufficient. "It seems equally clear that under his contract, which made it Ewald's duty while a salaried employé of complainant,

inter alia, to compile, prepare, and revise the instruction and question papers, the literary product of such work became the property of the complainant, which it was entitled to copyright, and which, when copyrighted, Ewald would have no more right than any stranger to copy or reproduce." Colliery Engineer Co. v. United Correspondence Schools Co. (C. C.) 94 Fed. 152, 153. "If they were proprietors of the whole book, they were, of course, proprietors of every part of it, including the engraving, and the article in reference thereto contained in such book. Averment of proprietorship is sufficient, under the authorities. When the proofs are taken, complainants will no doubt have to show who was the author or designer of the article and of the illustration, and how such article and illustration came into their possession as proprietors, but it is not necessary in the bill to set forth the chain of title." Lillard v. Association (C. C.) 87 Fed. 213.

The fourth ground of demurrer is based on the failure of complainant to allege that the titles of the alleged copyrighted books have been recorded by the librarian of congress. Sections 4964 and 4953 of the Revised Statutes [U. S. Comp. St. 1901, pp. 3413, 3407] provide as follows: Section 4964: "Every person who, after the recording of the title of any book, and the depositing of two copies of such book," etc., does the acts prohibited, shall be subject to the damages, etc., prayed for by complainant; and, so far as appears by the bill, no record of any of such titles has ever been made. Section 4953: "Copyrights shall be granted for the term of twenty-eight years from the time of recording the title thereof, in the manner hereinafter directed." In Higgins v. Keuffel, 140 U. S. 435, 11 Sup. Ct. 733, 35 L. Ed. 470, Mr. Justice Field says:

"The copyright is secured when the registration is complete and a certificate of the registration is given by the commissioner; just as under the former law it was secured when the proper filing had been made with the librarian of congress, and his certificate was issued."

Defendant, therefore, contends that there can be no copyright until the title has been recorded. Sections 4952 and 4956 of the Revised Statutes [U. S. Comp. St. 1901, pp. 3406, 3407] provide that the author or proprietor shall have the sole liberty of printing and publishing his composition upon complying with the provisions as to deposit in the mail, and by section 4957 [U. S. Comp. St. 1901, p. 3409] the librarian of congress is obliged to record the name of such composition. It may be admitted that the title is in law recorded when received for record, and that the date of the recording is the time when it is so received, rather than that when it is actually written in the record book. But in view of the express language of the statute, limiting the duration of the grant "from the time of recording the title," and providing for the recovery of damages "after the recording of the title," it would seem that the fact of record should be alleged in the bill, even if the delivery to the librarian is sufficient evidence of the fact.

The sixth ground of demurrer must be overruled. The allegations of the bill already quoted sufficiently show unfair competition on the part of defendant; and that it is impossible to segregate the particular

portions complained of. "In such a condition of affairs, where, by the conduct of defendant's employés, a part of complainant's copyrighted work has been appropriated by defendant, and so mingled with original matter contained in its publication that no one except its own employés who did the wrong can segregate the pirated from the original matter, and they do not make such segregation, the whole work, or so much of it as is tainted by the workmanship of the unfair users, should be enjoined and accounted for." West Pub. Co. v. Lawyers' Co-operative Pub. Co., 25 C. C. A. 648, 79 Fed. 756, 35 L. R. A. 400.

The demurrer is sustained as to the fourth ground thereof, with leave to complainant to amend, and is overruled as to all the other grounds, without costs to either party.