## NIXON v. DORAN.

(Circuit Court, E. D. New York. March 17, 1909.)

COPYRIGHTS (§ 85*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

In a suit for infringement of a copyright for a dramatization of a novel, the copyright on which has expired, by another author, who also dramatized the same work, a preliminary injunction will not be granted, where the validity of complainant's copyright and infringement are both denied and are not clearly established by the showing made.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 85.*]

In Equity. On motion for preliminary injunction.

Ligon Johnson, for complainant.
James Foster Milliken, for defendant.

CHATFIELD, District Judge. The novel "Lena Rivers," by a well-known author, Mrs. Mary J. Holmes, has become the property of the public through the expiration of the copyright. The complainant, Burton Nixon, holds by assignment a dramatization of this novel, which has been composed or constructed since the copyright terminated. The defendant, Marie Doran, has as well a compilation or dramatization, which the complainant alleges infringes the rights of the complainant, and which in the complaint is said to have been copied from the dramatized work owned by the complainant, rather than from the novel itself.

The complainant's play was filed in the office of the Librarian of Congress, in an attempt to comply with the copyright statute, in the year 1906; the original novel being stated to have been published in 1852. The defendant's drama purports to have been made up from the novel itself, and the attention of the court has been called to no dramatization of this novel other than the two involved in this action. Both the complainant and the defendant, in advertising, make use of the reputation of the novel, and each party seems, according to the affidavits, to have been calling to the attention of the public, by means of correspondence, etc., the dispute which is involved in this action. The performance of the play and the sale of rights for such performances usually involve such injuries that a preliminary injunction is not only appropriate, but frequently necessary, if the infringement of the rights of the complainant is clearly apparent, and if the defendant does not raise an issue as to which testimony must be taken before it can be determined that the complainant is sufficiently in the right, so that the continuation of the acts of the defendant would cause irreparable injury, pending the trial of the case.

The defendant has attacked the validity of complainant's copyright in her answer, upon the grounds which she has previously raised by demurrer, but which had been made of no effect by the filing of an amended complaint; and the defendant also claims that her work is compiled from the original novel, without reference to the dramatization of the complainant. It is evident that the points of similarity in two dramatizations of the same novel must necessarily be much greater than

would be possible in any two original dramas, if each were written entirely independent of any knowledge of the other. In the same way, a copyright of the dramatization of a novel, if the novel is free to the world by the expiration of the original copyright, can protect merely the original portions of the drama, and the original arrangement of scenes and characters, in so far as they are not an exact reproduction of the book. A play which resembles another in merely immaterial points would not be an infringement of the other, if both were based upon a book of another author, which any one had the right to use; and much less would this be true if the points of resemblance were contained in the book.

In the present case a careful examination of the novel and of both dramatizations shows many points in which the defendant's dramatization is similar, in arrangement, language, stage setting, and characters, to the dramatization of the defendant, and that, too, in particulars not found in the novel. The defendant's dramatization also resembles the book in many of the same sort of particulars, which are not found in the complainant's dramatization. The inspection which the court has been able to give indicates that the novel was certainly used in the preparation of the defendant's work, independently and apart from any use that may have been made of the complainant's work. As has been said, there are indications that the complainant's work was used, or that similar ideas, and even similar language, were employed, by the defendant, and that this language and these ideas were not copied from the novel. But it is impossible to determine on this motion that one work is a substantial infringement of the original parts or arrangement of the other; and as the issue as to the validity of the copyright is even less possible of determination on the pleadings and affidavits, the case would seem to fall directly within the decision of Colliery Engineer Co. v. United Correspondence Schools Co. (C. C.) 94 Fed. 152, where (page 154) the court says:

"Even conceding full weight to the suggestions above set forth, some of the resemblances between the two sets of publications are strongly indicative of piracy. But a preliminary injunction, such as is prayed for, would be practically a judgment in advance of hearing, working irreparable damage to defendants; and it is thought best to relegate the question to final hearing."

In that case the validity of the complainant's copyright was not called in question as an additional issue, and there is, therefore, in the present case even less reason for granting a preliminary injunction.

The application must be denied.