NATIONAL CLOAK & SUIT CO. v. KAUFMAN.

(Circuit Court, M. D. Pennsylvania. July 17, 1911.)

1. COPYRIGHTS (§ 82*)—REGISTRATION—VESTING OF PRIVILEGE.

Since copyright vests on the publication of the book or publication with notice of copyright as provided by Act March 4, 1909, c. 320, § 9, 35 Stat. 1077 (U. S. Comp. St. Supp. 1909, p. 1292), a bill for infringement was not demurrable for failure to allege registration or entry, in form or manner provided by law, of the title of the book, or volume of the publication.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73; Dec. Dig. § 82.*]

2. COPYRIGHTS (§ 82*)—RIGHT TO PRIVILEGE—CORPORATIONS—PLEADING.

Under Act March 4, 1909, c. 320, 35 Stat. 1075 (U. S. Comp. St. Supp. 1909, p. 1289), conferring copyright on the author or proprietor, and providing that the word "author," shall include an employer in the case of works made for hire, an allegation in a bill by a corporation for infringement that complainant was a corporation created under the laws of New York, and that it wrote, designed, and compiled, and caused to be written, designed and compiled by those employed by it for such purpose, all of them citizens and residents of the United States, or aliens domiciled within the United States at the time of the first publication of the book in question of which it was the proprietor, sufficiently showed that complainant corporation was entitled to the copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73; Dec. Dig. § 82.*]

3. COPYRIGHTS (§ 9*)—MATTER SUBJECT OF COPYRIGHT—PICTORIAL ILLUSTRATIONS—ADVERTISING MATTER.

Under Act March 4, 1909, c. 320, 35 Stat. 1075 (U. S. Comp. St. Supp. 1909, p. 1289), relating to copyrights, section 5 (k) expressly authorizing the copyright of pictorial illustrations, where a corporation engaged in the manufacture of feminine attire issued a book containing pictorial illustrations, being pictures of women attired in the latest up-to-date styles depicting the fashions in dress, supplemented by information concerning the materials which plaintiff offered to make up in accordance therewith and the prices at which it would do so, such illustrations, though used entirely for advertising purposes and not essentially works of fine art, were proper subjects of copyright.

[Ed. Note.—For other cases, see Copyrights, Cen   Dig. § 7; Dec. Dig. § 9.*

Matter subject to copyright, see note to Cleland v. Thayer, 58 C. C. A. 273.*]

4. COPYRIGHTS (§ 9*)—PICTURES—CATALOGUE.

It was no objection to a copyright of pictures representing women attired in up-to-date costumes in a cloak and suit catalogue that the pictures represented visible actual persons and things, and that complainant could not monopolize the right to picture them, under the rule that, while others are free to copy the original, they may not copy the copy.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 7; Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the National Cloak & Suit Company against David Kaufman for copyright infringement. On demurrer to bill Overruled.

Archibald Cox and Walter Briggs, for complainant.

John C. Nissley and Charles W. Bacon, for defendant.

WITMER, District Judge. This is a demurrer to a bill of complaint in a suit in equity brought by the National Cloak & Suit Company of New York against David Kaufman of Harrisburg, Pa., to restrain an alleged infringement of copyright.

The bill charges, in substance, that the complainant, a New York corporation, doing business in the borough of Manhattan, city of New York, had secured a copyright, in compliance with the law governing in such cases, of a certain book constituting a volume of a periodical publication which having been for many years issued by the complainant in connection with its business of which it was then the proprietor, said book being entitled, "New York Fashions, Vol. 14, No. 4"; that in the preparation of said book it exercised the most careful supervision and discrimination and made large outlays and expenditures employing in the preparation of its various component parts artists and authors of peculiar skill and ability in the particular matters to which such parts relate, and that the illustrations forming component parts of said book were the work and embodied the personal reaction of artists of recognized skill in their calling, and were pictures of artistic merit, and, in addition to their merit as artistic productions, were of peculiar value as portraying original conceptions and creations relating to wearing apparel, of great interest to a large proportion of the public on account of the originality and exercise of trained aesthetic faculties displayed in said illustrations; that, notwithstanding the notice of copyright required by law having been printed on the title page of each number of such publication, the defendant afterward, intending to appropriate the fruits of the complainant's efforts, did, without the consent of the complainant, make, print, publish, and distribute, and caused to be made, printed, published, and distributed, copies of copyrightable component parts copied from the complainant's said book, which is made a part of the bill of complaint, to wit, illustrations No. 1422 on page 22, No. 1903 on page 112, No. 11458 on page 189, No. 1402 on page 10, No. 9408 on page 100, No. 1413 on page 16, No. 1405 on page 13, No. 9426 on page 109, and No. 1401 on page 9, whereby the complainant claims the defendant infringed its said copyright and threatens to continue, wherefore he prays for relief.

The demurrer contains several counts, all of which, under the allegations of the bill, aim at the validity of the copyright, challenging (1) those allegations which deal with the steps taken in compliance with the statutory formalities to vest copyright, and (2) the allegation concerning the subject matter as being of character copyrightable.

[1] Taking up these subjects in their order, it is noted that the first count of the demurrer questions the copyright because of the

failure to register or enter, in form and manner provided by law, the title of the book or volume of the publication. Such formality as was necessary under the former law is not now required by Act March 4, 1909, c. 320, 35 Stat. 1075 (U. S. Comp. St. Supp. 1909, p. 1289), under which the copyright for consideration was acquired. Copyright vests upon the publication of the book or publication with the notice of copyright under section 9 of the act. The allegations in the bill are full and sufficient showing that the necessary steps of the statute were observed in securing the right and certificate of copyright.

[2] The second count questions the character of the person of the complainant as entitled to copyright. The complainant is a corporation created by the laws of New York, which, according to the bill, "wrote, designed and compiled and caused to be written, designed and compiled by those employed by it for the purpose, all of them citizens and residents of the United States, or aliens domiciled within the United States at the time of the first publication" the book of which it was the proprietor. The present act of Congress confers copyright on "the author or proprietor" (section 8), and provides that "the word 'author' shall include an employer in the case of works made for hire" (section 62).

Under the old law which did not recognize or contemplate in its provisions our modern conditions, as the present law, corporations were even regarded as proper persons to secure copyright (Mutual Advertising Company v. Refo [C. C.] 76 Fed. 961; Edward Thompson Co. v. American Law Book Co. [C. C.] 119 Fed. 217; Schumacher v. Schwencke [C. C.] 25 Fed. 466); and then, as well as now, the employer had the right to the copyright in the literary product of a salaried employé (Collier Engineer Co. v. United Correspondence School Co. [C. C.] 94 Fed. 152; Atwill v. Ferrett, 2 Blatchf. 39, Fed. Cas. No. 640).

All of the remaining counts deserving notice may be considered in connection with the other (2) allegations concerning the subject-matter as being copyrightable.

[3] The illustrations which the defendant is alleged to have copied from the complainant's copyrighted book are so called pictorial illustrations, being pictures of ladies attired in the latest or up-to-date styles, depicting the fashions in dress, supplemented by information concerning the materials which the complainant offers to make up in accordance therewith, and the prices at which it will do so. Are these so called illustrations copyrightable component parts of the complainant's book? The act (section 5 [k]) expressly mentions "pictorial illustrations" as the proper subject of copyright, and they are now considered the "writing of an author" as contemplated by section 8, art. 1, of the constitution, wherein it is provided that:

"Congress shall have power to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their writings and discoveries."

"The act in question was passed in execution of the power here given, and the object thereof was the promotion of science and the useful arts." Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841. This

act no doubt should be liberally construed to give effect to its tenor and true intent. In keeping pace with the growth of the subject of this constitutional provision, many statutes have been enacted, extending and enlarging its protection, covering not only maps, charts and books, as originally, but comprehending now as well all the writings of an author including, as set forth in the act of March 4, 1909: (a) Books, including composite and cyclopaedic works, directories, gazeteers, and other compilations; (b) periodicals, including newspapers; (c) lectures, sermons, addresses, prepared for oral delivery; (d) dramatic or dramatico-musical compositions; (e) musical compositions; (f) maps; (g) works of art; models or designs for works of art; (h) reproductions of a work of art; (i) drawings or plastic works of a scientific or technical character; (j) photographs; (k) prints and pictorial illustrations.

The protection of the law is not confined to pictorial illustrations known as works of fine arts. This was not so even under the preceding act. In the case of Bleistein v. Donaldson Lithographing Company, 188 U. S. 239, 23 Sup. Ct. 298, 47 L. Ed. 460, Justice Holmes, delivering the opinion of the court, said:

"We see no reason for taking the words connected with 'the fine arts' as qualifying anything except the word 'works,' but it would not change our decision if we should assume further that they also qualified 'pictorial illustrations,' as the defendant contends."

If there is any limitation whatever to this term, it must be found in the words of the Constitution confining pictorial illustration to the "useful arts."

The contention of the defendant that if a picture has no other use than that of a mere advertisement, and no value aside from this function, it would not be promotive of the useful arts within the meaning of the constitutional provisions entitling the author to protection in the exclusive use thereof, was denied in the Bleistein Case; the court saying that "a picture is none the less a picture and none the less a subject of copyright that it is used for an advertisement." The complainant's pictures or illustrations are more than mere advertisements of wearing apparel. They are, on their face, exceptionally excellent pictures, having value as compositions. They are no doubt the work embodying the personal reaction of artists of recognized skill in their calling, and, furthermore, admittedly, aside from their artistic merit as productions of peculiar value, they portray original conceptions and creations relating to wearing apparel of great interest to a large portion of the public. In their ensemble, their details, designs and general particulars they contain the something that appeals to the taste of an admiring public. It is this secret portrayed by the artist differing from other pictures of this kind in which lies their value and which apparently caught the eye of the defendant and furnishes the reason for protecting the fruits of the artist's labors by copyright.

[4] Nor does it matter that the pictures represent visible actual persons and things. Of course, the complainant cannot monopolize the right to picture these. "Others are free to copy the original. They are not free to copy the copy. Blunt v. Patten, 2 Paine, 397, 400, Fed.

Cas. No. 1,580.  See Kelly v. Morris, L. R. 1 Eq. 697; Morris v. Wright, L. R. 5 Ch. 279.  The copy is the personal reaction of an individual upon nature.  Personality always contains something unique. It expresses its singularity even in handwriting, and a very modest grade of art has in it something irreducible, which is one man's alone. That something he may copyright unless there is a restriction in the words of the act."  Bleistein v. Donaldson Lithographing Co., supra.

Since it did appear to the court that the restrictions in the law as contained in the act, then in vogue. is not to be found in the limited pretensions of the chromolithographs used as advertisements of Wallace's show, and as was further said, the least pretentious picture has more originality in it than directories and the like which may be copyrighted, I see no reason why copyright should be withheld from the complainant's pictures of ladies showing to advantage wearing apparel of the latest styles and its manufacture under another and later act even more favorable than the former.  In this conclusion I am furthermore strengthened by remembering, also, that courts will not undertake to assume the functions of critics or to measure carefully the degree of originality, or literary skill or training involved (Drury v. Ewing, 1 Bond, 540, Fed. Cas. No. 4,095; Henderson v. Tompkins [C. C.] 60 Fed. 758), that pictures commanding public interest and having commercial value as well shall not thereby be deprived from privacy, and that the taste of the admiring public is not to be treated with contempt.

This case has nothing to do with cases involving attempts to copyright mere catalogues or price lists, or labels, sometimes containing pictures, reproduced by photographic or other mechanical processes, of articles intended for sale, but which obviously have no artistic merit or originality.  These decisions, whether condemning or upholding such copyrights, do not touch the question involved in the case at bar, many of which having been overruled in the decision of the Bleistein Case—distinguishing Mott Iron Works v. Clow, 82 Fed. 316, 27 C. C. A. 250; also citing Yuengling v. Schile (C. C.) 12 Fed. 97; Schumacher v. Schwencke (C. C.) 25 Fed. 466; Lamb v. Grand Rapids School Furniture Co. (C. C.) 39 Fed. 474.

The fallacy in the argument that the complainant cannot copyright "productions of the industrial arts" lies in the confusion of the pictures with the things they depict in a particular way; that is, the wearing apparel which appears in the illustration as part of the pictures.  As said by Mr. Justice Bradley in Baker v. Selden, supra:

"There is a clear distinction between the book as such and the article which it is intended to illustrate.  The object of the one is illustration; of the other it is the use thereof.  The former may be secured by copyright, the latter by patent."

The complainant does not claim to monopolize the manufacture and sale of the wearing apparel depicted by reason of its copyright.  It does, however, claim the right thereby to prevent others from copying and appropriating its exclusive property in such pictures and to this it is entitled by reason of its copyright which appears to be valid.

The demurrer is therefore overruled.