## BASEVI v. EDWARD O'TOOLE CO., Inc.

District Court, S. D. New York.
Feb. 16, 1937.

Frank, Weil & Strouse, of New York City, for plaintiff.

Morgan, Finnegan & Durham, of New York City, for defendant.

BONDY, District Judge.

Defendant's objections as to the sufficiency of the bill cannot be sustained.

The plaintiff's catalogues are books within the meaning and intent of the copyright statute, 17 U.S.C.A. § 1 et seq., and therefore a subject of copyright, and every pictorial illustration therein is a component part thereof and is protected by a copyright of the catalogue. See J. H. White Mfg. Co. v. Shapiro, D.C., 227 F. 957; Mail & Express Co. v. Life Publishing Co., 2 Cir., 192 F. 899; King Features Syndicate v. Fleischer, 2 Cir., 299 F. 533; Da Prato Statuary Co. v. Giuliani Statuary Co., C.C., 189 F. 90; Jewelers' Circular Pub. Co. v. Keystone Pub. Co., 2 Cir., 281 F. 83, 26 A.L.R. 571; National Cloak & Suit Co. v. Kaufman, C.C., 189 F. 215.

The catalogues are made a part of the bill and it accordingly appears by the bill whether or not the alleged books have a text and whether or not the text, if any, is in a language other than English.

The catalogues consist of a title page, on which appear the words "Editions N. B." and descriptive matter, such as "Catalogue of Reproductions of Religious Paintings", followed by pages containing reproductions of such paintings, each page, including the title page, bearing the words "Copyright 1934 (or 1935) by N. G. Basevi, Milano, Italy." They accordingly do not contain any text but only pictorial illustrations, the title of a copyrighted work not being the subject of copyright, and not constituting "text" in the ordinary meaning of the word. Atlas Mfg. Co. v. Street & Smith, 8 Cir., 204 F. 398, 47 L.R.A.,N.S., 1002; Glaser v. St. Elmo Co., C.C., 175 F. 276. Judge Caffey expressed a similar conclusion in his opinion on the former motion to dismiss.

It appearing by the complaint that there is no text in the subject copyrighted, it is unnecessary to allege whether the text is in English or in a foreign language or that the text was printed and the catalogue bound in the United States in accordance with 17 U.S.C., § 15, 17 U.S.C.A. § 15.

The allegation in the bill (paragraph Tenth) that "on or about the 16th day of July, 1934, the plaintiff being then the sole and exclusive proprietor and owner of said paintings and of the said book which had never before been printed or published in this or any other country except in Italy as aforesaid", sufficiently alleges that the publication of the catalogues was the first publication of the paintings, if such allegation is required. The ambiguity complained of, whether the phrase "which had never before been printed or published" relates to said paintings as well as to said book, can be clarified on motion to make more definite or by a bill of particulars.

The allegation in paragraph Fifteenth that the defendant caused to be made in the United States exact reproductions of two of the paintings is a sufficient allegation of infringement.

No evidence has been submitted by affidavit or otherwise that the amended answer was not served and filed in time.

The complaint accordingly is found to state a cause of action, and the plaintiff's "motion to dismiss defendant's motion to dismiss the complaint" is granted.