## EHRET *v.* PIERCE.

(*Circuit Court, E. D. New York.* July 28, 1880.)

1. COPYRIGHT.

     An advertising card devised for the purpose of displaying paints of various colors, consisting of a sheet of paper having attached thereto square bits of paper painted in various colors, each square having a different color, with some lithographic work surrounding the squares advertising the sale of the colors, is not the subject of a copyright.

2. METHOD.

     The exclusive right to employ a particular method of advertising wares cannot be acquired under the copyright laws.

In Equity.

*Erastus New,* for plaintiff.

*Alfred B. Cruikshank,* for defendant.

BENEDICT, D. J.    This is a suit in equity, brought to restrain the defendant from publishing a certain form of advertising cards devised for the purpose of displaying paints of various colors, upon the ground that it infringes upon a copyright obtained in 1855 by one Thomas D. Morris, and thereafter assigned to the plaintiff.

The subject of the copyright upon which the plaintiff's right of action depends is designated, "A specimen pattern of Morris' tinted zinc paints. Card of outside colors." Such is the title recorded.    It consists of a sheet of paper, having attached thereto 30 square bits of paper, painted in various colors, each square having a different color, and each being numbered.    Surrounding these squares is lithographic work, containing, above the squares, the words: "Specimen pattern of Morris' tinted zinc paints. Recommended to builders, architects, and painters for their stength, freshness of color, durability, and cheapness. Colors selected from this card by number will be warranted to correspond with the pattern. Prepared dry or ground in oil, and for sale by Thomas D. Morris, 18 School street, Boston. Card of outside colors." Below the squares are the words: "Morris' improved groundwork for all kinds of wood graining; also medium for oil and distemper graining, and decorative painting;" and on one side the words, "Also, Morris' unrivalled snow-white and No. 1 French zinc paints;" and on the other side the words, "Any color not on the card will be matched from sample and ground to order at short notice."

The first question that presents itself for determination is whether such a card as above described can be the subject of a copyright

under the act of February 3, 1831, (4 U. S. St. at Large, 436.) The act of 1831 is confined, by its terms, to the following matters, viz., a book, map, chart, musical composition, print, cut, or engraving. The plaintiff in his bill designates the matter in question as an engraving or chart. Morris himself, who took out the copyright, calls it a chart. It is not possible to hold such an article to be a chart, within the meaning of the act of 1831. The word "chart," used in that statute, refers to a form of map. This card is no map. Neither is it a print, cut, engraving, or book, within the meaning of the statute. True, it has lithographic work upon it, and also words and sentences; but it has none of the characteristics of a work of art, or of a literary production. It is an advertisment, and nothing more. Aside from its function as an advertisement of the Morris paints, it has no value. In my opinion, it is neither chart, engraving, nor book, and could not be the subject of a copyright under the provisions of the act of 1831.

The case of *Grace* v. *Newman*, L. R. 19 Eq. 623, has been cited as authority in support of the proposition that such a card can be copyrighted. In that case the matter was a book, containing sketches of monumental designs, which was held by the court to have a value as a book of reference. Upon this ground it was distinguished from the matter involved in *Corbett* v. *Woodward*, L. R. 14 Eq. 407, where a simple catalogue of articles offered for sale was under consideration. The card under consideration here in character approaches closely to the matter held in *Corbett* v. *Woodward* not to be the subject of a copyright.

But supposing the plaintiff to have acquired a copyright in the Morris card, it would still be impossible for him to recover, for the reason that the defendant's card is no infringement upon such a right. What the copyright laws secure is the exclusive right to make and sell copies of the copyrighted matter. The defendant has issued a card to which are attached square bits of paper of various colors. The colors on these squares are different from the colors upon the Morris card. The words and sentences that appear on the plaintiff's card do not appear on the defendant's card. All the information conveyed by the defendant's card is that the accompanying colors can be purchased of the defendant. The card contains no allusion whatever to the Morris paints, and, in form and subject-matter, is wholly unlike the Morris card. One card is an advertisement of certain paints sold by one person. The other is an advertisement of certain other paints sold by another person. No person by reading or seeing the

one can acquire any of the information conveyed by the other. It is difficult, therefore, to see upon what ground it can be held that one is a copy of the other.

The real matter of the plaintiff's complaint is, not that the defendant has copied his card,—that would occasion him no loss, but the contrary, for it would be a gratuitous advertisement of his paints,—but that the defendant, in advertising his wares, has adopted the same method pursued by him in advertising his wares, and his claim amounts in substance to claiming the exclusive right to employ that method in advertising. Such a right cannot, in my opinion, be acquired under the copyright laws.

The bill must be dismissed, with costs.