## BRIGHTLEY *v.* LITTLETON *et al.*[1]

### (*Circuit Court, E. D. Pennsylvania.* November 24, 1888.)

1. COPYRIGHT—WHAT WILL BE PROTECTED—BLANK LEGAL FORMS.

A blank form of application for a license to sell liquor at retail, composed of three blanks,—a "petition," a "bond and warrant," and a "justification,"—all intended to be filled up and filed by the applicant, is included in the term "book," and is the subject of a valid copyright.

2. SAME—ORIGINALITY.

A series of forms, prepared in accordance with a certain statute, minor parts in each being old, but so combined with parts drawn in pursuance of the statute as to make a complete form, possesses sufficient originality to be the subject of a copyright.

3. SAME—INFRINGEMENT.

Where parts of a series of forms are identical with those of a former copyrighted series except for a word or two inserted in several places, the whole series showing a substantial identity, and the counsel employed to draw up the second series acknowledges having the first before him while so doing, the second series will be regarded as a copy of the first, and an infringement.

In Equity. Bill for infringement of copyright.

The plaintiff was the author of a series of blank forms intended to be filled in by the applicant for a license to sell liquor at retail under the act of 1887. Littleton, the clerk of the court which had jurisdiction to grant the licenses, caused a number of similar forms to be drawn up and printed by Geddes, and given or sold to the applicants.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

*F. F. Brightley*, pro se.
*David W. Sellers*, for defendants.

BUTLER, J. The plaintiff's copyright is valid. The act of congress provides that "any citizen of the United States  *  *  *  who shall be the author, inventor, designer, or proprietor of any book, map, chart, dramatic or musical composition, engraving, cut, print, photograph, drawing, chromo, statue, or statuary,  *  *  *  shall, upon complying with the provisions of this chapter, have the sole liberty of printing, publishing,  *  *  *  and vending the same." This act is founded on the constitutional provision which confers on congress the power to protect authors and inventors in their respective works. The object of the act and constitutional provision, as expressed, is "to promote the progress of science and useful arts by securing to authors and inventors the exclusive right to their respective writings and their discoveries." The language of the act must be read in connection with the constitutional provision, and be so construed as to promote the object and conform to the purpose expressed therein.

If the question before me were new, I might find some difficulty in sustaining the plaintiff's claim. The statute, however, has been so liberally construed as to make it embrace within the term "book," every character of publication; whether a volume, pamphlet, newspaper article, calendar, or catalogue. In this construction our courts have simply followed those of England in their interpretation of similar language contained in the English statute. The matter must be original and possess some possible utility. The originality, however, may be of the lowest order, and the utility barely perceptible; Drone, Copyr. 210. It has been repeatedly held that a book of forms is entitled to the protection of the statutes. The plaintiff's forms are original in the sense here involved. They are founded upon and are adapted to the requirements of the Pennsylvania statute of 1887, relating to the sale of liquors. While minor parts of each form are old, they are so combined with the parts drawn in pursuance of the statute as to make a complete form. To prepare such instruments requires some learning, and involves some literary labor; quite as much as the compilation of facts or figures, or extracts from books. Such compilations are entitled to a copyright, under the construction given to the statute; Drone, Copyr. 208–210. The plaintiff's right, however, protects him only against transcribing and publishing his forms; in other words, against the appropriation of his work. It does not confer upon him a monopoly of the forms required by the statute of 1887. Any one is at liberty to prepare and publish such forms, and it is immaterial that they may resemble his, or be substantially identical with them, provided they are not copies. The requirements of the statute in this respect are simple, and all forms prepared in pursuance of them by different individuals must necessarily have close resemblance to each other.

Have the defendants infringed? They have printed and published forms identical in most respects with the plaintiff's. The petitions,

from the paragraph marked with the figure 4 to the end, (excluding the affidavit, which may have been copied from any other,) are identical, except where a word or two has been added by defendants in two or three instances. The same is true of the bonds and warrants of attorney. In the justification of sureties, the only difference is in the addition by defendants of two lines at the close. Were these forms copied from the plaintiff's? The plaintiff's forms, with others drawn by different individuals, were placed in the hands of counsel by Mr. Littleton, with instructions to prepare forms to meet the requirements of the statute. Between the plaintiff's and the others so placed in counsel's hands, there is such difference as would naturally be expected in forms prepared by different individuals. A variation in language, in arrangement of parts and sentences. The identity existing between the plaintiff's and those published by the defendants, taken in connection with the fact that the counsel who prepared the defendants' had the plaintiff's before him, justifies and demands a conclusion that the defendants' were mainly copied from the plaintiff's. Especially is this so in the absence of any positive evidence to the contrary. The counsel, when examined as a witness, does not appear to have been interrogated directly respecting it, and his testimony does not cover the point. What he says amounts to no more than that he prepared the forms after having examined those brought him, and found them defective. In so far, therefore, as the defendants' forms are identical with the plaintiff's, I must and do regard them as copied from the latter. For the injury which the plaintiff may show has resulted to him from this appropriation of his work the defendants must respond in damages.

To avoid the danger of misapprehension, it is proper to say something further, although what has been said is sufficient to dispose of the question before me. The plaintiff's object in obtaining his copyright appears to have been, not so much to secure the monopoly of selling his work as a book of instructions to those who contemplated proceedings under the statute of 1887, as it was to secure a monopoly of the use of his forms in such proceedings as petitions, bonds, etc., thus entitling him to enjoin individuals who may buy his work, against employing and following it in the preparation of petitions, bonds, etc., for their own use in court. When the question arises whether his right secures such a monopoly, a different case will be presented from that now decided. Possibly the question may arise in the assessment of damages when the extent and value of the plaintiff's right are under consideration. A decree may be prepared in accordance with the foregoing opinion.