LAMB et al. v. GRAND RAPIDS SCHOOL FURNITURE CO.

(Circuit Court, W. D. Michigan, S. D. August 20, 1889.)

1. COPYRIGHT—INFRINGEMENT—ILLUSTRATED CATALOGUE.
    Complainants published and copyrighted a book of engravings illustrating certain unpatented articles manufactured by them. Defendant manufactured similar articles from designs taken from complainants' illustrations, and published a book of engravings illustrating its manufactures, in which several pictures were very like those in complainants' book. Held not an infringement of complainants' copyright.

2. SAME—PRELIMINARY INJUNCTION.
    Complainants' book of engravings was published with a price-list of the articles described in it as an advertisement of those articles. Held, that it was a matter of so much doubt whether the engravings were intrinsically valuable as works of art that a preliminary injunction should be denied.

In Equity. On motion for preliminary injunction.
Frederick T. Sibley, (James H. Brewster, of counsel,) for complainants.
Taggart, Wolcott & Ganson, for defendant.

SEVERENS, J. The complainants, who are manufacturers of church furniture at New York, prepared and published a book of engravings,

illustrating their goods, and containing also a price-list thereof. This book they procured to be copyrighted. The defendant is a manufacturer of school and church furniture at Grand Rapids, and they also have published a book containing illustrations of their goods, with price-list, and several of those illustrations bear striking resemblance to those of the complainants. In fact, the defendant manufactures goods from designs taken from complainants' illustrations, and they say (what for the present purpose must be admitted) that their illustrations are in truth of their own goods, so that the similitude of the illustrations results from the fact that the goods are alike. The manufactures of the complainants are not patented. The defendants may lawfully manufacture just such goods. Can they not publish correct illustrations of them as adjuncts of their sale? Ought they to be restrained from doing this because the complainants, having done the same thing, have copyrighted illustrations which, while representing their own goods, represent those of the defendant also? It is clear that the books of both parties are published and used solely as means for advertisement. To say that the defendant has not the right to publish correct illustrations of its goods must practically result in creating a monopoly, in goods modeled on those designs, in the complainants, and thus give all the benefits of a patent upon unpatented and unpatentable articles. Sales of merchandise are made largely by samples, and when the articles are bulky, as in case of furniture, illustrations are the only representations that can be made to the eye of the public at large; and it is altogether likely that to withdraw the right to make them from one of the parties would put him out of the field of competition. It does not appear to me that such results can be accomplished in this way. It is true, there is an appearance of profiting at another's expense, and reaping what another has sown, but I can see no legal ground on which this can be prevented. The legislation, with its limitations, which public policy has approved, does not extend so broadly as to give the complainants a monopoly in the harvest in such a case.

But it is urged that it is alleged and claimed by the complainants that their illustrations are intrinsically valuable, as works of art. I am convinced, however, that they were not published as such, but simply for trade purposes in aid of their sales, and I doubt (though I do not decide) whether they can be regarded in any other light. If they could be established to be works of art, having value independent of their use as advertisements, a very different question would be presented. This subject may be deferred until the hearing of the cause. I have too much doubt about the fact to warrant the granting a preliminary injunction, and the motion therefore is denied.