### FALK *v.* BRETT LITHOGRAPHING CO.

### SAME *v.* BROWN *et al.*

*(Circuit Court, S. D. New York. December 31, 1891.)*

1. COPYRIGHT—PHOTOGRAPHS.
    A photograph of a woman and child, with the child's fingers in its mouth, taken by the photographer after arranging them in positions best calculated, in his judgment, to produce an artistic effect, is subject to copyright. *Lithographic Co.* v. *Sarony,* 4 Sup. Ct. Rep. 279, 111 U. S. 53, followed.
2. SAME—INFRINGEMENT.
    One who copies a copyrighted photograph, by simply reversing it, for use as an advertising lithograph, is guilty of infringement, though he makes a few minor changes in the positions.

In Equity. Separate suits by Benjamin J. Falk against the Brett Lithographing Company in the one case, and Davis S. Brown and Delaplaine Brown in the other, for infringement of a copyrighted photograph. Decrees for complainant.

*Isaac N. Falk,* for plaintiff.

*J. T. Hurd* and *A. W. Tenney,* for defendants.

WHEELER, J.   This suit is brought upon a copyright of a photograph of Josie Sadler and her child, with the child's finger in her mouth, taken by the plaintiff after arranging them in good positions according to his judgment, and after the child had put its finger in her mouth, which he thought improved the position, and took advantage of, as photographers usually take photographs.   The defendant in the first case had copied the position, features, and most of the photograph by reversing it, and changing some minor details, into advertising lithographs for the defendants in the other case.   The principal defenses to both are that the plaintiff is not sufficiently shown to have been the author of the photograph, and that the defendants have not infringed.

That a photograph may be the subject of a valid copyright for the photographer as the author of it is well shown and seems to be settled in *Lithographic Co.* v. *Sarony,* 111 U. S. 53, 4 Sup. Ct. Rep. 279.   The chief difference between that case and this as to this point is that the artist did not do so much in preparing the subjects here as was done there.   But enough was done here by placing the persons in position, and using the position assumed by the child at the proper time to produce this photograph, and the plaintiff thereby produced it.   Other photographs may have been or may be taken of some other woman and child, or of this woman and her child in similar positions, or the same as near as may be, but none of them will be exactly like this.   He is, and no one else can be, the author of this.   The amount of labor or skill in the production does not seem to be material if the proper subject of a copyright is produced, and the producer copyrights it.   The defendants have not merely copied the woman and child, as they might have done with their consent, but they have used the plaintiff's production as a guide for making others, and have thereby substantially copied it as he produced it, and infringed upon his exclusive right of copying it.   So the validity of the copyright and infringement of it seem to be sufficiently made out.   Let decrees continuing the injunctions and for an account be entered.