RIGNEY v. DUTTON et al.

(Circuit Court, S. D. New York. November 23, 1896.)

1. FALSE NOTICE OF COPYRIGHT—CUTS OR PRINTS.
    It ·is. not a defense to an action under Rev.· St. § 4963, to . recover. the penalty for attaching a notice of copyright to an uncopyrighted cut or print, that such cut or print was a crude or imperfect representation of an original picture prepared by the agents of the owner of the proprietary rights therein, and by them inserted in a trade paper, as a means of advertising copies of the original pictures for sale to the trade.

2. SAME—PENALTY—WHO LIABLE.
    The penalty provided by Rev. St. § 4963, is incurred by one who causes the publication in a trade paper of an uncopyrighted print or cut, with a notice of copyright attached, though he does not himself insert or impress such notice.

3. SAME—CUTS OR PRINTS. ·
    A cut or print may be a proper subject of copyright, though the person by whom it is prepared is not entitled to copyright it.

4. SAME—PUBLICATION OF CUT OR PRINT.
    The insertion of a print or cut, as an advertisement, in a trade paper, circulating among all who choose to pay for it, is a publication, within Rev. St. §§ 4962, 4963.

5. SAME.
    It is not a violation of Rev. St. § 4963, to impress, upon an imperfect miniature cut or print of a copyrighted picture, a notice of copyright, though such cut or print is not separately copyrighted.

This was an action by William J. Rigney against Edward P. Dutton and Charles A. Clapp, composing the firm of E. P. Dutton & Co., to recover the penalty provided by Rev. St. § 4963, for impressing a notice of copyright upon an uncopyrighted print or cut.

The complaint set up five causes of action, the first of which was stated as follows: "(3) As a first cause of action, plaintiff alleges, on information and belief, that heretofore, and on or about the 25th day of June, 1896, the defendant did print, publish, and issue a certain print or cut, entitled 'Peeps into Fairy Land,' and in and upon said print or cut did knowingly and intentionally insert and impress a false and untruthful notice that the same was copyrighted, which notice was in the following words: 'Copyright, E. Nister, 1896.' (4) That the said print or cut, being the proper subject of a copyright, as plaintiff is informed and believes, was not, and is not, copyrighted by E. Nister, or by the defendants, or either of them; and the notice impressed and inserted thereon by defendants, and published and issued by them, was for the purpose of deceiving the public, and is false, and contrary to the statutes of the United States in such case made and provided, and more particularly in violation of section 4963 of the Revised Statutes of the United States." The other causes of action were stated in identical language, except that the names of the pictures referred to in the last four were, respectively, "The Day is Done," "Shakespeare Pictures," "Jack and the Bean Stalk," and "Kitty and Her Kits." The answer set up, as a defense to the first cause of action, the facts alleged as follows: "(11) These defendants deny generally the allegations of those paragraphs of the complaint numbered 3, 4, and 5, which constitute the first cause of action, except as follows: And they allege and show, by way of defense thereto, that E. Nister is a publisher of literary and artistic works, having his principal place of business at Nuremberg, Germany, and that the defendants are his agents in the United States; that prior to the 25th day of June, 1896, the said E. Nister became the proprietor of a certain artistic production, to wit, a picture entitled 'Peeps into Fairy Land'; that said picture was reproduced by the said E. Nister, and sent by him to these defendants, as a sample of other copies to be sent by the said E. Nister to these defendants for sale in the United States. And these defendants were informed by the said E. Nister that

he was the owner of all the proprietary rights in and to said picture, including the right to reproduce the same by way of copies, etc.; and that he intended to copyright the same under the laws of the United States; and that, when said picture was duly copyrighted, he desired these defendants. to sell copies of the same in the United States, in the usual course of business. That preparatory to said sale of the said picture, and before the copyright of the same was secured, these defendants had prepared a crude and imperfect cut from said copy of said picture, which had been sent to them by the said E. Nister, which were suggestive of the said picture, with the words 'Peeps into Fairy Land' inscribed thereon, together with the words 'Copyright, E. Nister, 1896,' which said words were intended as a notice. to the trade that the said picture would, in due course, and in conformity with the laws of the United States, be copyrighted, and without any intention of abandoning the rights of E. Nister to copyright the same under the laws of the United States. And that these defendants caused prints taken from said imperfect cuts, suggestive of said picture, to be published, on or about the 25th day of June, 1896, as part of an advertising page of a certain trade paper, entitled the 'American Stationer,' a publication having a restricted circulation among the publishing and bookselling trade and dealers, and which is published in the city of New York, N. Y. And these defendants further show that the same imperfect cuts, suggestive of the said picture, so owned and controlled by the said E. Nister, was an imperfect miniature imitation of the said original picture, and that the same was published in the said trade paper, as an advertisement for the inspection of dealers only, and was another and a different thing from the original picture, and was not a published edition of the original picture, within the meaning of the Revised Statutes of the United States, relating to copyrights, and particularly within the provisions and restriction of section 4963 of the said Statutes; and said publication was, and was intended to be, an exhibition to dealers in such pictures alone of miniature samples of said pictures, for the purpose of enabling them to give orders from such samples for copyrighted copies of the original picture, as soon as the same was copyrighted and published; and that the said notice of copyright contained thereon was, and was intended to be, a warning and notice to the trade that the proprietor of said original picture claimed and reserved all his proprietary rights of reproduction therein, and in due course would copyright the same, in accordance with the statutes of the United States in such case made and provided, for the protection not only of himself, but of all purchasers from him or his agents. And these defendants accompanied the said publication of the said cut or print in said American Stationer with certain descriptive matter, which was intended to make clear to the trade the intention of the said advertisement, as above expressed. A copy of said publication, the American Stationer, containing said cut or print and descriptive matter, is herewith produced, marked 'Exhibit A,' and made part hereof." The same allegations were repeated as a defense to the second cause of action, except that the name of the picture was changed. The defense to the third cause of action was as follows: "(4) These defendants deny generally the allegations of those paragraphs of the complaint numbered nine, ten, and eleven, constituting the third cause of action, except that they admit the publication by themselves of a certain print or cut, entitled 'Shakespeare Pictures,' and marked, 'Copyright, E. Nister, 1896'; said publication having been made in a certain trade paper, entitled the 'American Stationer,' on or about the 25th day of June, 1896, a copy whereof is herewith produced, and made part thereof, marked 'Exhibit A.' And these defendants further show, by way of defense: That the said cut or print, entitled 'Shakespeare Pictures,' was and is an imperfect miniature imitation of an original picture owned by E. Nister, of Nuremburg, Germany, who also owns all of the proprietary right to copy or duplicate said picture; and that heretofore, and about the 17th day of April, 1896, and before the publication of said picture, the said E. Nister, for the purpose of copyrighting the said picture under the laws of the United States, did, on or about the 17th day of April, 1896, deposit in the mail, addressed to the librarian of congress at Washington,- District of Columbia, a printed copy of the title of said original painting, which he designated as 'Oberon and Titania,' together with two photographs of said original picture of the best edition issued, together with the fees required by statute in such case for recording said title, etc.; and that the said librarian of congress did record the title of said picture in a book kept for that purpose, and did, under- the date of the 17th day of April, 1896, issue to the said E. Nister a

certificate of such registration and filing number 23,867 **B 2**, which is ready in court, to be produced when required. That, with reference to the copyrighting of said picture, the said E. Nister in all respects complied with the requirements of the statutes of the United States relating to the registration of copyrights; and that he thereby obtained a copyright of the United States for said picture, and is still entitled to all the benefits and advantages of the same, and the defendants, as his agents, were duly authorized to print said cut, with the said notice of copyright thereon." The plaintiff demurred to these defenses for insufficiency.

A. Bell Malcomson, for plaintiff, in support of the demurrer.

The answer to the first and second causes of action is an express admission of the violation of the statute. The fact that the original picture referred to in the answer to the third cause of action was copyrighted did not justify impressing a notice of copyright on the cut prepared by defendants, which was not itself copyrighted. The name given by defendants to their cut was different from that given by Nister to the copyrighted picture.

Steuart & Steuart, for defendants.

Only those persons who have actually performed the act of inserting or impressing the copyright notice are liable to the penalty, and the defendants, not having themselves published the American Stationer, are not within the statute. The cuts, not being original, were not proper subjects of copyright, and the statute does not apply to them. The cuts, being contained in a trade paper of limited circulation, were not published. The notice was intended only as a warning that the pictures would be copyrighted.

·LACOMBE, Circuit Judge. As to the first three causes of action, the answer admits that defendants had prepared (before copyright was secured) a cut, with the words inscribed thereon, "Copyright, E. Nister, 1896," and caused prints taken from said cut to be published, as part of an advertising page of a trade paper. In view of this admission, the contention that they did not "insert or impress" copyright notice on the uncopyrighted cut is wholly without merit.

The proposition that the cuts in question are not of the class which are subject of copyright is sufficiently refuted by inspection of the exhibit which contains them. The statute provides for the insertion of copyright notice on every copy of book, map, chart, musical composition, print, cut, engraving, photograph, painting, drawing, chromo, statue, statuary, or model, or design intended to be perfected, etc. Manifestly, these may properly be described as cuts and as prints. As such, they are proper "subjects of copyright," under section 4952, which expressly enumerates both "cut" and "print." That some particular individual was not entitled to copyright them, because he is not himself the designer, but has borrowed or copied the ideas of others, is an entirely different question, with which the case at bar has no concern.

There is no merit in the contention that the cuts were not "published,"—a proposition which is based on the circumstance that they appear as an advertisement in a so-called "trade paper." The case is clearly distinguishable from Falk v. Engraving Co., 4 C. C. A. 648, 54 Fed. 890, where miniature samples of a copyrighted photograph had been sent to dealers. The American Stationer is a weekly newspaper, which circulates freely among all who choose to pay its subscription, whether they are in the stationery trade or not.

The demurrer to the second and third paragraphs of the answer is

therefore sustained. The demurrer to the fourth paragraph of the answer, where the original picture was in fact copyrighted, is overruled.