CLELAND et al. v. THAYER.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1903.)

No. 1,659.

1. COPYRIGHT—COLORED PHOTOGRAPHS.
   A colored photograph or picture of natural scenery may be the subject of a copyright.

Appeal from the Circuit Court of the United States for the District of Colorado.

F. H. & G. L. Canfield, for appellants.
John S. Mosby, Jr., and Charles J. Blakeney, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

¶ 1. Matter subject to copyright, see note to Amberg File & Index Co. v. Shea, Smith & Co., 27 C. C. A. 248.

CALDWELL, Circuit Judge. H. A. Cleland, William Livingstone, and W. A. Livingstone, the appellants, filed their amended bill against Frank S. Thayer, the appellee, to restrain an infringement of their alleged copyright in a picture or colored photograph of Colorado scenery, entitled "The Palisades-Alpine Pass." The bill alleged that the complainants were the sole proprietors of the print or photograph in question; that a copyright in the same had been duly granted them according to the act of Congress; that they had given notice of such copyright according to law; that their picture was an artistically colored and otherwise embellished, new, original, and useful work, printed from a specially designed plate or film, which was itself produced from an original negative of the scene, also the property of complainants; that in preparing such plate, and producing the copyrighted photograph or picture therefrom, they had employed various original, ingenious, and artistic ideas, conceived in their own minds, and which they had employed in completing the picture by an effectual and lifelike distribution of color, and by arranging and disposing of lights and shadows so as to blend appropriately with the objects of the scene, and also by various changes in the snow and cloud effect, by means of all of which, as well as by other additions and omissions, they had finally produced the original picture in suit; that this picture and prints thereof had been made popular by complainants, and that the sale thereof was a source of profit to them; that defendant had wrongfully made exact copies of said picture, and was selling the same as complainants' work; that his conduct was in violation of complainants' rights, and a fraudulent imitation of their property and production; that defendant's copies were inartistic and of inferior quality, and were so sold by him as to cause the public to believe them to be the work of complainants, and that thereby their reputation for high-class work was injured, and serious damage otherwise caused to them. The defendant demurred to the bill upon the ground that a colored photograph or picture, such as the bill described, could not be made the subject of a copyright under the act of Congress. The demurrer was sustained, the bill dismissed, and a decree rendered accordingly, and the complainants appealed to this court.

The case of Bleistein et al. v. Donaldson Lithographing Co. (U. S. Sup. Ct., Oct. Term, 1902) 23 Sup. Ct. 298, 47 L. Ed. ——, in which the opinion was handed down since the submission of this case, holds that photographs and pictures such as the bill in this case describes may be copyrighted under the act of Congress; and, on the authority of that case and its citations, the decree of the Circuit Court is reversed, and the cause is remanded, with directions to enter an order overruling the demurrer to the bill of complaint.