### BEIFELD v. DODGE PUB. CO.

(Circuit Court, S. D. New York. December 28, 1911.)

1. COPYRIGHTS (§ 67*)—INFRINGEMENT—COPY FROM SKETCH.

 An artist contracted to paint and copyright a picture for complainant, and having done so defendant without complainant's permission printed substantial copies of the painting claimed to be from copies of a sketch made by the artist before completing the painting and given to defendant's vendor. The only differences between the sketch and the finished painting were in the treatment of certain minor details. *Held*, that since any one, by making slight alterations in the copyrighted painting, could not obtain another copyright or publish it free of the original copyright, and the artist could not publish the sketch free of the copyright of the painting for the same reason, defendant's publication constituted an infringement.

 [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 64; Dec. Dig. § 67.*]

2. WITNESSES (§ 295*)—COMMUNICATIONS BETWEEN THIRD PERSONS.

 In a suit for infringement of a copyright on a painting sold to complainant and copyrighted in his name, correspondence between the artist and the C. Co. as to the publication of a sketch of the picture from which defendant's copies were printed, produced under a subpœna duces tecum, was inadmissible as relating to transactions between third persons which might expose the publisher to penalties.

 [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1018–1020; Dec. Dig. § 295.*]

In Equity. Suit by Joseph Beifeld against the Dodge Publishing Company. On motion for preliminary injunction. Granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Prior to November, 1910, Maxfield Parrish made a contract with complainant to paint for complainant a picture entitled, "Sing a Song of Sixpence," to be placed in the barroom of the Hotel Sherman in Chicago. The contract provided that Parrish should make the picture, and sell the picture and the copyright to the complainant. This was done, and in November, 1910, copyright of the picture was procured by Parrish in the name of complainant. Subsequently defendant published, without permission from complainant, pictures which were substantial copies of the complainant's painting, and a suit for infringement of copyright was brought, and on motion for preliminary injunction the defendant asserted that the pictures published by it were not copies of the painting, but were copies of a sketch for the painting, completed by Parrish before the completion of the painting.

Fixman, Lewis & Seligsberg (Walter N. Seligsberg, of counsel), for the motion.

Jacob B. Burnet (Norman B. Beecher, of counsel), opposed.

WARD, Circuit Judge. [1] This is a motion for a preliminary injunction enjoining the defendant from infringing the complainant's copyright taken out November 17, 1910, for a painting called "Sing a Song of Sixpence" purchased by him from the artist, Maxfield Parrish, with all rights to copyright the same. The defendant is publishing a sketch or study of the painting which it purchased March 11, 1911, of one Purves, to whom the artist had given it after the copyright of the painting. It is contended that the sketch and the painting are different and independent productions, but I do not think so. The subject is the same, the number, position, and sex of the figures are the same, and the differences are only as to the treatment of certain minor details. Ordinary inspection would give the distinct impression that both pictures were the same.

Assuming, as the defendant contends, that the sketch was made before the painting, still it is in my opinion covered by the copyright of the painting. It will hardly be pretended that any one by making slight alterations in the copyrighted painting could get another copyright or publish it free of the original copyright. Neither could the artist copyright or publish the sketch free of the copyright of the painting for the same reason, namely, that both pictures are the same.

[2] The correspondence between the artist and the Century Company as to the publication of the sketch in the Century Magazine of February, 1911, produced under a subpœna duces tecum, the admissibility of which was to be determined by the judge calling the motion calendar, is excluded, and returned to the Century Company. It relates to transactions between third parties, may expose the publisher to penalties, and as admissions of the artist is not competent against the defendant.

Motion granted.