**ANSEHL v. PURITAN PHARMACEUTICAL CO. et al.**

**No. 9403.**

Circuit Court of Appeals, Eighth Circuit.

Sept. 7, 1932.

Rehearing Denied, Oct. 18, 1932.

132

Ralph Kalish, of St. Louis, Mo., for appellant.

Robert C. Powell, Howard G. Cook, and Gus O. Nations, all of St. Louis, Mo., for appellees.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

The appellant was plaintiff in the court below, and the appellees were defendants, and they will be so referred to in this opinion. The plaintiff brought suit against the defendants, alleging the infringement of a copyright covering advertising matter, and asking for an injunction and an accounting. The complaint alleged that the plaintiff was a dealer in cosmetic and toilet articles bearing the trade-name "Vivani"; that, to promote the sale of these articles, he prepared a distinctive advertisement composed of a photograph and of reading and descriptive matter, which advertisement was published in various newspapers of general circulation in several cities of the United States; that as author he made his publications with notice of copyright, and took the necessary steps for securing, and did secure, a certificate of copyright registration; that the defendant Beecher-Cale-Maxwell, Inc., was a general advertising agency, and that the defendant Puritan Pharmaceutical Company was engaged in selling toilet articles similar to those marketed by the plaintiff; that the defendants were fully aware of the plaintiff's copyrighted advertisement, but published a similar advertisement of their products under the name of "Milaire Company," which advertisement they copied from the plaintiff's copyrighted advertisement; that the plaintiff notified the defendants to desist from so doing, but without effect. Attached to the complaint is the plaintiff's copyrighted advertisement and also the accused advertisement of the defendants.

Briefly and generally, the plaintiff's composition is about the size of the usual newspaper page. Slightly above the center is a photographic print, which occupies about a third of the space used. This print depicts, against a dark background, eight toilet preparations in their containers, with the name "Vivani" upon them. The arrangement of these articles in the picture is somewhat symmetrical and attractive. The advertisement has the caption, "The Greatest Souvenir Ever Offered (This Advertisement Will Not Appear Again!)" In the upper right-hand corner appears in large figures "99¢," decorative in design. Below these figures, and running downward along the right side of the advertisement, is a large arrow pointing to a "certificate" of the coupon type, which is intended for use in ordering and remit-

ting for the articles advertised. Below the photographic print are eight small paragraphs, each descriptive of one of the articles portrayed, and each stating that the article described is included in the souvenir set. Below these appear a list of dealers selling the Vivani souvenir sets, a statement of the suggested retail price of each item, and an assertion that, while three years before three million of these sets had been issued, only one million would be available "this year." The advertisement constitutes an offer to sell for 99 cents a set of the articles portrayed, and the picture and the language used in connection therewith are intended to make this offer an attractive one to the reader of the advertisement.

The accused advertisement is approximately the same size. It includes a photographic print of toilet articles, ten in number, similar to those advertised by the plaintiff, but under the name "Milaire," depicted against a black background, and arranged in much the same fashion as those shown in the plaintiff's advertisement. The defendants' advertisement is headed, "An Extraordinary Offer that May Never be Repeated." Directly below the photograph is reading matter stating that millions of these sets had already been distributed, but that not more than one million were to be given out "this year." There is also a list of the retail prices of the respective products, and below are ten small paragraphs each descriptive of an article portrayed, and each concluding with the statement that that article is included in the "Make-up Package." To the right of the advertisement appears "99¢" in large, decorative figures about half the size of the same figures in the plaintiff's composition. In the lower right-hand corner is the usual coupon, in form similar to that of the plaintiff's coupon. The defendants' advertisement constitutes an offer to sell the articles portrayed for 99 cents, and the picture and the language used in connection with this offer were intended, as in the case of the plaintiff's advertisement, to make the offer similarly attractive to one reading the advertisement.

The defendants filed no answer to the plaintiff's complaint, but moved to dismiss, under Equity Rule 29 (28 USCA § 723), for want of equity appearing upon the face of the complaint; and this motion was granted. From the decree of dismissal, the plaintiff has appealed.

Since such a motion to dismiss has taken the place of a demurrer, it is elemen-

tary that it admits all material facts well pleaded in the complaint, that only defenses in point of law appearing upon the face of the complaint may be considered, and that, unless it is clear that, taking the allegations to be true, no cause of action in equity is stated, the motion should be denied. Stromberg Motor Devices Co. v. Holley Bros. Co., 260 F. 220, 221 (D. C., E. D. Mich.); Edwards v. Bodkin, 249 F. 562, 564 (C. C. A. 9th); Krouse v. Brevard Tannin Co., 249 F. 538, 548 (C. C. A. 4th); Tompkins v. International Paper Co., 183 F. 773, 774 (C. C. A. 2nd); Vitagraph, Inc., v. Grobaski, 46 F.(2d) 813, 814 (D. C., W. D. Mich.); Ralston Steel Car Co. v. National Dump Car Co., 222 F. 590 (D. C., D. Me.).

There is nothing in the record which indicates the ground upon which the court below granted the motion to dismiss.

No claim is made by the defendants that the plaintiff's composition was not the subject of copyright, but that question is necessarily in the case.

Prior to the decision of the Supreme Court of the United States in the case of Bleistein v. Donaldson Lithographing Co., 188 U. S. 239, 23 S. Ct. 298, 47 L. Ed. 460 (1903), it was the tendency of the courts to hold that advertising matter of this type could not be the subject of a copyright. This is illustrated by the following quotations:

"The article must have by itself some value as a composition, at least to the extent of serving some purpose other than as a mere advertisement or designation of the subject to which it is attached." Mr. Justice Field in Higgins v. Keuffel, 140 U. S. 428, 431, 11 S. Ct. 731, 732, 35 L. Ed. 470 (1891).

"They [illustrations of plumbing ware offered for sale] are mere advertisements of the appellant's wares, with nice cuts or illustrations of the goods accompanying and forming part of the advertisement, as an allurement to customers. The question, therefore, which confronts us, is, were such things intended to be protected by the constitutional provision in question? The object of that provision was to promote the dissemination of learning, by inducing intellectual labor in works which would promote the general knowledge in science and useful arts. It is not designed as a protection to traders in the particular manner in which they might shout their wares. It sought to stimulate original investigation, whether in literature, science, or art, for the betterment of the

people, that they might be instructed and improved with respect to those subjects. Undoubtedly a large discretion is lodged in the congress with respect to the subjects which could properly be included within the constitutional provision; but that discretion is not unlimited. It is bounded and circumscribed by the lines of the general object sought to be accomplished. * * * So far as the decisions of the supreme court have gone, we think they hold to the proposition that mere advertisements, whether by letter-press or by picture, are not within the protection of the copyright law." Mott Iron Works v. Clow, 82 F. 316, 318, 321 (C. C. A. 7th, 1897).

"It is an advertisement, and nothing more. Aside from its function as an advertisement of the Morris paints, it has no value. In my opinion, it is neither chart, engraving, nor book, and could not be the subject of a copyright under the provisions of the act of 1831." Ehret v. Pierce, 10 F. 553, 554 (C. C., E. D. N. Y., 1880).

"But it is urged that it is alleged and claimed by the complainants that their illustrations are intrinsically valuable, as works of art. I am convinced, however, that they were not published as such, but simply for trade purposes in aid of their sales, and I doubt (though I do not decide) whether they can be regarded in any other light. If they could be established to be works of art, having value independent of their use as advertisements, a very different question would be presented. This subject may be deferred until the hearing of the cause. I have too much doubt about the fact to warrant the granting a preliminary injunction, and the motion therefore is denied." Lamb v. Grand Rapids School Furniture Co., 39 F. 474, 475 (C. C., W. D. Mich., 1889).

"If it were done * * * solely for the purpose of advertising particular articles for sale * * * I know of no law which would prevent him (a second advertiser) from using the same advertisement, provided he did not in such advertisement by any device suggest that he was selling the works and designs of the first advertiser. * * * But at the last it always comes round to this, that in fact there is no copyright in an advertisement. If you copy the advertisement of another, you do him no wrong, unless in so doing you lead the public to believe that you sell the articles of the person whose advertisement you copy." Cobbett v. Woodward, L. R. 14 Eq. 407, 413 (1872).

There can be no question that Judge Lurton, later Mr. Justice Lurton, in delivering the opinion of the Circuit Court of Appeals for the Sixth Circuit in Courier Lithographing Co. v. Donaldson Lithographing Co., 104 F. 993, 996 (1900), which case was reversed by the Supreme Court in Bleistein v. Donaldson Lithographing Co., supra, correctly and fairly stated what was then generally thought to be the law with reference to advertising matter being the subject of copyright. He said:

"What we hold is this: that if a chromo, lithograph, or other print, engraving, or picture has no other use than that of a mere advertisement, and no value aside from this function, it would not be promotive of the useful arts, within the meaning of the constitutional provision, to protect the 'author' in the exclusive use thereof, and the copyright statute should not be construed as including such a publication, if any other construction is admissible. If a mere label simply designating or describing an article to which it is attached, and which has no value separated from the article, does not come within the constitutional clause upon the subject of copyright, it must follow that a pictorial illustration designed and useful only as an advertisement, and having no intrinsic value other than its function as an advertisement, must be equally without the obvious meaning of the constitution. It must have some connection with the fine arts to give it intrinsic value, and that it shall have is the meaning which we attach to the act of June 18, 1874, amending the provisions of the copyright law.

"We are unable to discover anything useful or meritorious in the design copyrighted by the plaintiffs in error other than as an advertisement of acts to be done or exhibited to the public in Wallace's show. No evidence, aside from the deductions which are to be drawn from the prints themselves, was offered to show that these designs had any original artistic qualities. The jury could not reasonably have found merit or value aside from the purely business object of advertising a show, and the instruction to find for the defendant was not error."

See, also, Royal Sales Co. v. Gaynor, 164 F. 207, 209 (C. C., S. D. N. Y.); Mutual Advertising Co. v. Refo, 76 F. 961, 963 (C. C., D. S. C.).

The Bleistein Case established a new and liberal standard with respect to the originality or artistic merit required to entitle illustrated advertising matter—now frequently referred to as "commercial art"—

to the protection of copyright statutes. The court, speaking through Mr. Justice Holmes, said (page 251 of 188 U. S., 23 S. Ct. 298, 300): "Again, the act, however construed, does not mean that ordinary posters are not good enough to be considered within its scope. The antithesis to 'illustrations or works connected with the fine arts' is not works of little merit or of humble degree, or illustrations addressed to the less educated classes; it is 'prints or labels designed to be used for any other articles of manufacture.' Certainly works are not the less connected with the fine arts because their pictorial quality attracts the crowd, and therefore gives them a real use,—if use means to increase trade and to help to make money. A picture is none the less a picture, and none the less a subject of copyright, that it is used for an advertisement. * * * It. would be a dangerous undertaking for persons trained only to the law to constitute themselves final judges of the worth of pictorial illustrations, outside of the narrowest and most obvious limits. * * *"

The pictures involved in the Bleistein Case were ordinary circus posters with little, if any, recognizable artistic merit.

Apparently only once since that case was decided has the same question been before the Supreme Court, and then it was not specifically passed upon. Westermann Co. v. Dispatch Printing Co., 249 U. S. 100, 39 S. Ct. 194, 63 L. Ed. 499. The advertisement there in question contained "pictorial illustrations of styles in women's apparel." The fact that the court assumed the validity of the copyright, however, indicates its adherence to the standard set by the Bleistein Case.

In this circuit, several cases have been decided involving copyrights of somewhat similar compositions.

Cleland v. Thayer, 121 F. 71, 72 (C. C. A. 8th, 1903). This suit involved the infringement of a copyrighted colored photograph of Colorado scenery. The court said: "The case of Bleistein et al. v. Donaldson Lithographing Co., * * * in which the opinion was handed down since the submission of this case, holds that photographs and pictures such as the bill in this case describes may be copyrighted under the act of Congress; and, on the authority of that case and its citations, the decree of the Circuit Court is reversed. * * *"

Da Prato Statuary Co. v. Giuliani Statuary Co., 189 F. 90 (C. C., Minn., 1911). This case involved the infringement of a copyright of a catalogue containing pictures and cuts of statuary, and· an injunction against such infringement was granted.

Golden Rule v. B. V. D. Co., 242 F. 929 (C. C. A. 8th, 1917). This suit involved the infringement of a copyright of a print of a young man clad in underwear. The validity of the copyright was not in issue and was not questioned by the court.

Fargo Merc. Co. v. Brechet & Richter Co., 295 F. 823 (C. C. A. 8th, 1924). This involved the infringement of a copyrighted label used on bottles and cartons, containing recipes, a fanciful emblem, plaintiff's name, and other printed advertising matter. An injunction had been granted by the lower court, and the decree was affirmed. On page 828 of the opinion appears the following language: "The fact that these labels might be used, or were intended to be used, for advertising purposes, is not a bar to copyright. It has many times been held that though a work of art or an original intellectual composition may be used for advertising purposes, or even though it is expressly designed for such purposes, this does not prevent it from being copyrighted"—citing cases.

And further: "It is doubtful whether the first part, standing alone, is copyrightable; it has little, if any, merit, and might well be called a mere advertisement. The second part, namely, the recipes, is of a different character. They are not a mere advertisement; they are original compositions, and serve a useful purpose, apart from the mere advertisement of the article itself. They serve to advance the culinary art."

The following types of advertising have been held to be proper subjects of copyright: Circus posters, Bleistein v. Donaldson Lithographing Co., supra; catalogue cuts of orthopedic devices, Campbell v. Wireback (C. C. A. 4th) 269 F. 372, 17 A. L. R. 743; lithographs of vegetable products, Stecher Lithog. Co. v. Dunston Lithog. Co., 233 F. 601 (D. C., W. D. N. Y.); catalogue designs of brassware, White Mfg. Co. v. Shapiro, 227 F. 957 (D. C., S. D. N. Y.); catalogue pictures of statuary, Da Prato Statuary Co. v. Giuliani Statuary Co., supra; fashion plates of feminine styles, National Cloak & Suit Co. v. Kaufman, 189 F. 215 (C. C., M. D. Pa.); catalogue illustrations of furniture, Davis v. Benjamin (1906) 2 Ch. D. 491; catalogue of illustrations of furniture, Maple & Co. v. Junior Army and Navy Stores, L. R. 21 Ch. D. 369; catalogue

136

illustrations of designs for monuments, Grace v. Newman, L. R. 19 Eq. 623.

The following compositions more or less analogous have also been held subjects of copyright: Colored photographs of Colorado scenery, Cleland v. Thayer, supra; cuts of scenery, Rigney v. Dutton, 77 F. 176 (C. C., S. D. N. Y.); photograph of a model, Gross v. Seligman, 212 F. 930 (C. C. A. 2d); photograph of a yacht under sail; Bolles v. Outing Co. (C. C. A. 2d) 77 F. 966, 46 L. R. A. 712, affirmed 175 U. S. 262, 20 S. Ct. 94, 44 L. Ed. 156; photograph of Oscar Wilde, Burrow-Giles Lithog. Co. v. Sarony, 111 U. S. 53, 4 S. Ct. 279, 28 L. Ed. 349; shoe box wrappers of special design, Hoague-Sprague Corp. v. Frank C. Meyer Co., 31 F.(2d) 583 (D. C., E. D. N. Y.); wrapping paper design of holly, De Jonge & Co. v. Breuker & Kessler Co., 182 F. 150 (C. C., S. E. D. Pa.), affirmed (C. C. A. 3d) 191 F. 35, and in 235 U. S. 33, 35 S. Ct. 6, 59 L. Ed. 113; large "chromo" advertising lager beer, Yuengling v. Schile, 12 F. 97 (C. C., S. D. N. Y.); bottle label, containing recipes, a fanciful emblem, and other printed advertising, Fargo Merc. Co. v. Brechet & Richter Co., supra; blank forms for liquor licenses, Brightley v. Littleton, 37 F. 103 (C. C., E. D. Pa.).

On the proposition that it requires a low degree of originality and artistic or literary merit to constitute an advertisement a proper subject of copyright, see: Hoague-Sprague Corp. v. Meyer Co., supra; Stecher Lithog. Co. v. Dunston Lithog. Co., supra; Brightley v. Littleton, supra; Weil, American Copyright Law, 1917, p. 226, where the author says: "A mere advertisement of a bare list of articles, prices or facts would not seem copyrightable. It would lack the minimum of originality necessary for copyright. On the other hand, catalogues and other advertisements having originality, or a quasi-artistic character, are copyrightable. It requires very little originality, indeed, to render proposed advertising matter copyrightable. * * * The tendency of the modern cases is to increase rather than to restrict, the subject matter of copyright, and this is plainly indicated by the advertisement cases." Bowker, Copyright (1912), p. 68: "The courts are disposed to extend copyright to any work involving labor or brain skill, without emphasizing originality or literary merit." Copinger, Law of Copyright (6th Ed., 1927), p. 75: "The artistic work must be 'original,' but this means no more than that the work must not be copied from another artistic work of the same character."

It is thus readily apparent that the validity of the plaintiff's copyright is not subject to question.

It is the contention of the defendants that it appears from the face of the complaint that their advertisement does not constitute an infringement of the plaintiff's copyrighted composition. Since the plaintiff charges that the defendants copied his advertisement, it must be assumed that they did, unless the two advertisements are so dissimilar as to negative completely that theory. The brief description already given of the two advertisements indicates that the general scheme or idea is the same. The plaintiff charges similarity not only in the general arrangement, general appearance, heading, position of price mark, size of price mark, design of price mark, size of photograph, position of photograph in the advertisement, and arrangement of articles in photograph, arrangement and language of descriptive paragraphs, similarity of coupon and its position in the advertisement, size, method of keying, and choice of lettering and type, but also in the sequence and similarity of expression of ideas; and in his brief makes the following comparisons of language used:

| "Vivani (Appellant) | Milaire (Appellees) |
|---|---|
| a. 'The greatest souvenir ever offered.' | 'An extraordinary offer.' |
| b. 'This advertisement will not appear again.' | 'Offer that might never be repeated.' |
| c. 'Any honest merchant, large or small, will tell you that this is the most amazing souvenir offer ever presented to American women.' | 'An offer so remarkable that no retail merchant large or small could hope to duplicate it.' |
| d. 'We will give you this exquisite remarkable set of full size genuine Vivani Beauty Products — not samples — every article regular store size.' | 'We want to acquaint you with the newest and most popular Milaire toilet preparations. Please remember, these are not samples, they are all full size packages.' |
| e. 'Approximately 3 million of these genuine Vivani Souvenir Sets were issued thru dealers 3 years | 'Similar sets have been offered thru retail stores during the past few years —and millions distributed. Women |

| | |
|---|---|
| ago and they were eagerly grasped by the women of America as fast as they could be distributed.' | bought them on sight and then came back for more.' |
| f. 'The charge required with the certificate then was twice as much as this year.' | 'Women bought them (on sight —) and then came back for more—at twice the price you can buy them under the Milaire Trade Mark.' |
| g. 'We expect to issue only one million of the sets.' | 'This year we plan to distribute not more than one million packages.' |
| h. 'It can be readily seen that the demand for these sets is going to be far greater than the supply.' | 'So you can easily appreciate that this year's demand is going to be far greater than the supply.' |
| i. 'These are the suggested· retail prices of each item contained in your souvenir set (price is listed).' | 'These 10 items are included in this Milaire Treatment and Make-up Package.' |
| j. 'You get all—positively everything full regular store size and unconditionally guaranteed—all for this certificate and 99c plus postage.' | 'Please remember that you get all ten exquisite Milaire toilet articles—$8.50 worth at retail—for the coupon and 99c plus postage. Every one is full store size.' |
| k. 'Send no money—send this certificate today.' | 'Send no money—merely mail coupon.' |
| l. 'Avoid possible disappointment—mail certificate immediately—now—while you have it in hand.' | 'Act now—this offer good for a limited time only.' |
| m. 'Certificate—for one souvenir set—good only until.' | 'Coupon—for one Milaire Souvenir Set—good only until.' |
| n. 'I want a Vivani Souvenir Set, containing all the regular store size Vivani Beauty preparations exactly as described in this advertisement. I | 'Send me one Milaire Treatment and Make-up Package, containing the 10 regular store-size Milaire Beauty Preparations, as described in this |
| will pay postman only 99c plus few cents postage upon delivery.' | advertisement. I will pay the postman only 99c plus postage upon delivery.' |
| o. 'The Box of Face Powder, 'The Jar of Rouge,' etc. | 'The Creme Rouge, 'The Skin Tonic & Freshener,' etc. |
| p. 'Preciously necessary to the woman who would retain the alluringly vivid translucent skin of youth.' | 'An absolute necessity for those who wish to retain a clear youthful complexion.' " |

The question then is whether these similarities, which must be assumed to be due to copying and the unfair use by the defendants of the plaintiff's advertisement, are insufficient to constitute an infringement.

In Nutt v. National Institute Inc. for the Imp. of Memory, 31 F.(2d) 236, 237 (C. C. A. 2d), the court said: "The test is whether the one charged with the infringement has made an independent production, or made a substantial and unfair use of the complainant's work."

In Perris v. Hexamer, 99 U. S. 674, 676, 25 L. Ed. 308, the Supreme Court held that, to infringe a copyright, a substantial copy of the whole or of a material part of the copyrighted composition must be produced. See, also, Dymow v. Bolton, 11 F.(2d) 690 (C. C. A. 2d); Wilson v. Haber Bros., 275 F. 346 (C. C. A. 2d); Eggers v. Sun Sales Corp., 263 F. 373 (C. C. A. 2d); Roe-Lawton v. Hal E. Roach Studios, 18 F.(2d) 126 (D. C., S. D. Cal.); Simonton v. Gordon, 12 F.(2d) 116 (D. C., S. D. N. Y.); Fisher, Inc., v. Dillingham, 298 F. 145 (D. C., S D. N. Y.); Falk v. Donaldson, 57 F. 32, 35 (C. C., S. D. N. Y.), in which it was said: "It is not a question of quantity, but of quality and value; not whether the part appropriated is a literal copy of the original production, but whether it is a substantial and material part." Weil, American Copyright Law (1917), p. 387.

■ A copy of a "substantial part" constitutes an infringement. It is not necessary that the whole composition be rifled. Perris v. Hexamer, supra; G. & C. Merriam Co. v. United Dictionary Co., 146 F. 354 (C. C. A. 7th), affirmed 208 U. S. 260, 28 S. Ct. 290, 52 L. Ed. 478; Springer Lithog. Co. v. Falk, 59 F. 707 (C. C. A. 2d); Meccano v. Wagner, 234 F. 912 (D. C., S. D. Ohio).

■ The plaintiff is not entitled to be protected in his ideas, but he is entitled to be

protected in his expression or illustration of his ideas. Holmes v. Hurst, 174 U. S. 82, 86, 19 S. Ct. 606, 43 L. Ed. 904; Nichols v. Universal Pictures Corp., 45 F.(2d) 119 (C. C. A. 2d); Guthrie v. Curlett, 36 F.(2d) 694 (C. C. A. 2d); Edwards & Deutsch Lith-og. Co. v. Boorman, 15 F.(2d) 35 (C. C. A. 7th), certiorari denied 273 U. S. 738, 47 S. Ct. 247, 71 L. Ed. 867.

"One of the entities or things which every author tries to insert in his copyrighted work is a set of ideas; yet ideas as such are not protected. * * * The copyright law pro-tects the means of expressing an idea; and it is as near the whole truth as generalization can usually reach that, if the same idea can be expressed in a plurality of totally differ-ent manners, a plurality of copyrights may result, and no infringement will exist." Dy-mow v. Bolton, supra, page 691 of 11 F.(2d); Rush v. Oursler, 39 F.(2d) 468 (D. C., S. D. N. Y.); Eichel v. Marcin, 241 F. 404 (D. C., S. D. N. Y.).

■ It is not necessary, in order to constitute an infringement, that the infringing compo-sition shall be identical with that which is in-fringed. In Gross v. Seligman, supra, slight changes in posture and figure were held not to escape infringement. See, also, Springer Lithog. Co. v. Falk, supra; Falk v. Donald-son, supra; Falk v. Brett Lithog. Co., 48 F. 678 (C. C., S. D. N. Y.); Beifield v. Dodge Pub. Co.; 198 F. 658 (C. C., S. D. N. Y.); Pellegrini v. Allegrini, 2 F.(2d) 610 (D. C., E. D. Pa.); Callaghan v. Myers, 128 U. S. 617, 9 S. Ct. 177, 32 L. Ed. 547; Meccano v. Wagner, supra; Encyclopaedia Britannica Co. v. American Newspaper Ass'n, 130 F. 460 (C. C., N. J.); Fisher, Inc., v. Dilling-ham, supra.

■ The fact that the identical language or the identical illustrations were not used will not justify the appropriation of copyrighted articles. "Paraphrasing or copying with evasion is an infringement, even though there may be little or no conceivable identity be-tween the two." Nutt v. Nat. Institute Inc. for the Improvement of Memory, supra, at page 237 of 31 F.(2d); Holmes v. Hurst, supra; Callaghan v. Myers, supra; Meccano v. Wagner, supra; West Publishing Co. v. Edward Thompson Co., 169 F. 833 (C. C., E. D. N. Y.); Encyclopædia Britannica Co. v. American Newspaper Ass'n, supra.

■ In this case, the plaintiff's copyright did not protect his ideas for an advertisement, but it did protect his illustration and expres-sion of those ideas in pictures and language. The defendants might appropriate the ideas and express them in their own pictures and in their own language, but they could not ap-propriate the plaintiff's advertisement by copying his arrangement of material, his il-lustrations and language, and thereby create substantially the same composition in sub-stantially the same manner, without subject-ing themselves to liability for infringement. Had each of the two advertisements been an original production and their similarity a mere coincidence, there would have been no infringement of the plaintiff's copyright; but, since the motion to dismiss concedes that the similarities which have been pointed out were the result of the use by the defendants of the plaintiff's advertisement, it necessarily follows that the defendants' advertisement did infringe the plaintiff's copyright. We reach the conclusion that the motion to dismiss should not have been granted.

The decree is reversed, and the case re-manded, with directions to grant the defend-ants leave to answer and for such further proceedings as are not inconsistent with this opinion.